IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**

AT ALBUQUERQUE NM

FEB 5 1999

ROBERT M. MARCH
CLERK

CURTIS JOSEPH DELAHOUSSAYE,

Plaintiff,

v.                                                  No. CIV-98-1016 BB/RJD

MARVIN R. PICKETT (Clinical Social Worker),
BOB CROXTON (Doctor),

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint

pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing

pro se, and has moved for leave to proceed pursuant to 28 U.S.C. § 1915. For the reasons below,

the complaint will be dismissed as frivolous.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under 28

U.S.C. § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim

upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under

Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could

not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma

Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A complaint may also be dismissed

*sua sponte* prior to service under § 1915(e)(2) based on affirmative defenses "obvious from the face

of the complaint." *See Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) ("obviously repetitive"

pleadings may be dismissed without requiring a responsive pleading); *Sack v. St. Francis Hosp.*, 16

F.3d 417 (Table, text in Westlaw), 1994 WL 19037 at *2 (10th Cir.) (dismissal based on res judicata and collateral estoppel), *cert. denied*, 513 U.S. 856 (1994). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This is Plaintiff's second complaint[1] asserting claims from psychiatric treatment administered during a period of incarceration at the Bernalillo County Detention Center. The first complaint alleged that Plaintiff was forced to attend a hearing on a petition for appointment of a "treatment guardian." Plaintiff claimed the proceedings were fraudulent and malicious, and that his due process and equal protection rights were violated by the defendants' actions. That complaint was dismissed for failure to invoke the jurisdiction of this Court. *Delahoussaye v. State*, No. CIV-98-1178 MV/LCS, mem. op. and order (D.N.M. Nov. 12, 1998). The instant complaint asserts claims against the diagnosing doctor at the time of the events described in the first complaint. No allegations are made against named Defendant Pickett.

Because Plaintiff now asserts claims and issues that were, or could have been, raised in the prior complaint, the instant complaint is barred by the doctrines of res judicata and collateral estoppel. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992). "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit."

---

[1] The instant complaint was actually filed first, but the later-filed complaint has already been adjudicated.

*Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997), *cert. denied*, ---

U.S. ---, 118 S.Ct. 1396 (1998). Furthermore, these claims may not be reasserted, even though

Plaintiff is now attempting to implicate different parties. The related doctrine of collateral estoppel

bars Plaintiff's claims against the newly named party. *See Willner v. Budig*, 848 F.2d 1032, 1034

(10th Cir.1988); *cf. Morgan v. City of Rawlins*, 792 F.2d 975, 980 (10th Cir. 1986); *Klein v.

Comm'r*, 880 F.2d 260, 263 (10th Cir. 1989). As a result, even under the rule of liberal construction

of pro se pleadings, *Northington*, 973 F.2d at 1520-21, for purposes of preclusion Plaintiff has had

"a full and fair opportunity to litigate the issue[s]." *Wilkinson v. Pitkin County Bd. of County

Comm'rs*, 142 F.3d 1319, 1322 (10th Cir. 1998). Plaintiff's claims arising from his psychiatric

treatment while in custody at the Bernalillo County Detention Center have been adjudicated, and the

complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED, and an order of

dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

3